Filed 7/29/15  P. v. Harris CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GRADY LEE HARRIS,<br><br>    Defendant and Appellant. | A143606<br><br>(San Mateo County<br>Super. Ct. No. SC078374A) |

Defendant Grady Lee Harris appeals from the revocation of his probation and his commitment to state prison. His attorney has asked this court for an independent review of the record to determine whether there are any arguable issues for review. (*Anders v. California* (1967) 386 U.S. 738, 744; *People v. Kelly* (2006) 40 Cal.4th 106, 119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.) Defendant was informed of his right to file a supplemental brief and did not do so. Having independently reviewed the record, we conclude there are no issues requiring further briefing and shall affirm the judgment and order revoking probation.

**Factual and Procedural Background**

There was no preliminary hearing or trial. The probation officer's report sets forth the following factual allegations.

1

On May 23, 2013, defendant and another man used fraudulent "access cards" (credit or debit cards)[1] to purchase merchandise and gift cards at a department store. Store security staff contacted the police. Police officers, upon arriving at the store, saw the men run through the parking lot and enter a vehicle without license plates. The officers stopped the vehicle, which was driven by defendant and registered to him under a known alias. A search of defendant's person found a dozen access cards that were "skimmed," meaning they had account numbers encoded on the magnetic strip that were different from the account numbers embossed on the front of the card. The police located a laptop computer in defendant's vehicle, which defendant admitted belonged to him. A search of the computer revealed files containing credit card account numbers and account holder names. The police also found a loaded handgun in the trunk of defendant's vehicle.

A complaint with 10 counts for fraud, theft and firearm offenses was filed on May 28, 2013. On June 24, 2013, pursuant to a negotiated disposition, defendant entered a no contest plea to three felony counts: second degree burglary (entering a store with intent to commit larceny) (§§ 459, 460, subd. (b)), grand theft (unauthorized acquisition of access card account information with fraudulent intent) (§ 484e, subd. (d)), and being a felon in possession of a firearm (§ 29800, subd. (a)(1)). All other charges were dismissed in exchange for defendant's plea, with the understanding that the court could consider at sentencing the facts underlying the dismissed counts. (*People v. Harvey* (1979) 25 Cal.3d 754, 758.) Defendant was promised a maximum prison sentence of three years if served immediately or, if granted probation, a maximum suspended sentence of four years four months that would be served if probation was violated and the sentence ordered executed. Defendant completed a written waiver of rights signed by himself and his attorney. The

---

[1] An "access card" is defined as "any card, plate, code, account number, or other means of account access that can be used, alone or in conjunction with another access card, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds, other than a transfer originated solely by a paper instrument." (Pen. Code, § 484d, subd. (2).) All further statutory references are to the Penal Code.

court orally questioned defendant and confirmed his understanding of the plea bargain and waiver of constitutional rights. Defense counsel conceded there was a factual basis for the plea and joined in defendant's waiver of rights.

In advance of sentencing, a probation officer filed a report recommending denial of probation. The report stated that defendant was a 45-year-old repeat offender with an "extensive criminal history" involving convictions for burglary, fraud, and forgery who violated prior grants of probation. Defendant was on probation at the time of the current offenses, the report noted. The prosecutor asked the court to deny probation and sentence defendant to prison for two years.

At the sentencing hearing on October 17, 2013, defense counsel asked the court to grant probation and argued that defendant's criminality is fueled by drug abuse best addressed by referral to a treatment program. Defendant implored the court, in writing and orally, to grant him probation. Defendant acknowledged he would receive a longer sentence if he failed on probation than if probation were denied and he was immediately committed to prison. Defendant said his willingness to accept that consequence "provides . . . [an] indication of how bad I really want to change."

The court noted that it "would be taking a considerable chance" to grant probation to defendant but would consider it if defendant agreed to waive credit "for all time and purposes" and agreed to have "the max suspended sentence hanging over his head, which is four years four months, which means if he blows it, that's what he is going to get." The court warned defendant: "if I were to sentence you [to] what the District Attorney wants me to sentence you to, two years, you would be out in six months [with credit for time served]. That's a lot easier probably to you to do than a serious major program." Defendant said he wanted probation, not execution of a prison sentence, and agreed to the court's conditions.

The court granted probation and imposed and suspended execution of a prison sentence of four years four months: the upper term of three years for being a felon in possession of a firearm and consecutive terms of eight months each (one-third the middle

term) on the burglary and theft counts. The court imposed various probation conditions, including that defendant complete a residential treatment program and obey all laws.

Six months later, on April 18, 2014, a petition to revoke probation was filed alleging that defendant violated probation by committing identity theft and other offenses, for which he had been arrested in another county. (§ 530.5, subd. (a).) He pleaded guilty to the charge of identity theft and, in this case, admitted his violation of probation. On September 19, 2014, the court found that defendant violated probation by failing to obey all laws, revoked probation, and ordered execution of the previously imposed but suspended prison sentence.

## Discussion

We have reviewed the entire record and conclude there are no arguable issues that warrant further briefing. Defendant was ably represented by counsel at every stage of the proceedings. His plea was entered freely and knowingly with the concurrence and advice of counsel. At defendant's urging, he was granted probation and the opportunity to receive substance abuse treatment but within months, and while still enrolled in the treatment program, committed another criminal offense. Defendant admitted violating the terms of his probation. The court acted reasonably in revoking probation and ordering execution of the previously imposed prison sentence.

## Disposition

The judgment and order revoking probation are affirmed.

4

_____

Pollak, Acting P. J.

We concur:


_____

Siggins, J.


_____

Jenkins, J.


5

A143606